# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| LOGIE W. TALLEY and VIRGIE L. TALLEY, | : |
| Plaintiffs, | : |
| v. | : Civil Action No. 5:07-cv-48 (HL) |
| SUNTRUST BANK, | : |
| Defendant. | : |

# ORDER

Before the Court is Defendant's Motion to Dismiss (Doc. 4). Defendant asserts various grounds for its Motion: failure to allege the basis of personal jurisdiction, insufficiency of process, insufficiency of service of process, and failure to state a claim upon which relief can be granted (including the failure to allege relief sought).[1] In the alternative, Defendant requests that the Court order Plaintiffs to provide a more definitive statement of their claims.

## I. BACKGROUND

Plaintiffs filed their Complaint on February 13, 2007. Sun Trust responded by

---

[1] Defendant also raised the defenses of lack of subject matter jurisdiction and failure to sign the Complaint. These arguments were addressed and dismissed in the Court's June 28, 2007 Order. See Doc. 17. In addition, although Defendant raised the defense of improper venue in the text of its motion, it provided no grounds for the defense in its brief. The Court therefore has no information on which to analyze this issue and concludes that Defendant no longer pursues the defense.

1

asserting pre-answer defenses in its Motion to Dismiss. On June 28, 2007, the Court ruled that it had subject matter jurisdiction over the matter, but that Plaintiffs failed to demonstrate they had properly served Defendant. Plaintiffs were therefore ordered to show cause why the Complaint should not be dismissed for failure to properly serve Defendant. Plaintiffs responded, and in its December 17, 2007 Order, the Court found good cause to grant Plaintiffs an extension in order to provide them an opportunity to properly serve Defendant.

## II. ANALYSIS

### A. Insufficient Process and Insufficient Service of Process

The Federal Rules provide that service upon a corporation or association may be effected pursuant to the law of the state in which the district court is located. Fed. R. Civ. P. 4(h)(1). In Georgia, service on a corporation is made by delivery a copy of the summons and complaint to an agent of the corporation. O.C.G.A. § 9-11-4(e)(1) (2006). The standard for who qualifies as an "agent" under the statute is not high. Henderson v. Cherry, Bekaert & Holland, 932 F.2d 1410, 1412 (11th Cir. 1991). As the Supreme Court of Georgia has recognized, "the object of service of process is to transmit notice of suit to the corporation." Scott v. Atlanta Dairies Coop., 239 Ga. 721, 724 (1977). Therefore, service "must be made on an agent whose position is such as to afford reasonable assurance that he will inform his corporate principal that such process has been served upon him." Id. The agent does not need to have a high degree of authority, be able to sign contracts on behalf

of the corporation, or be authorized by the corporation to accept service. Henderson, 932 F.2d at 1412. Georgia courts have found service was proper when made on a manager of a branch store. Ogles v. Globe Oil Co., U.S.A., 171 Ga. App. 785 (1984). Interpreting Georgia law, the Eleventh Circuit has also found that service on a firm's manager is proper even when the defendant provided no information regarding the manager's authority and responsibility within the firm. Henderson, 932 F.2d at 1412. In addition, "Georgia courts also consider the fact of actual notice in answering the question whether an employee is a valid agent for receipt of service." Id.

The record now reflects that a summons and the Complaint were served by a Bibb County Deputy on January 15, 2008 on Jennifer Tabor, manager of Sun Trust Bank. Tabor, as a manager of a branch office of the bank, can reasonably be expected to provide notice to the corporation of the process that was served upon her. In addition, it is undisputed that Sun Trust learned of the lawsuit and was able to respond in a timely manner. The Court therefore finds that the process and service of process was proper in this case.

### B. Personal Jurisdiction

Defendant does not argue that the Court lacks personal jurisdiction over them, but simply that Plaintiffs failed to properly allege personal jurisdiction in their Complaint. "[A] motion to dismiss at the pleading stage for lack of personal jurisdiction should . . . be treated with caution, and denied if the plaintiff alleges

3

sufficient facts in his complaint to support a reasonable inference that the defendant can be subjected to jurisdiction within the state." Bracewell v. Nicholson Air Servs., Inc., 680 F.2d 103 (11th Cir. 1982). When discovery has not yet begun, it is unfair to subject a plaintiff to a more rigorous burden when "[i]nformation as to defendant's contacts with the State of Georgia or lack of them is necessarily more within the defendant's knowledge than the plaintiff's." Id.

The inquiry into personal jurisdiction is a two-step analysis:

> First, we determine whether the exercise of jurisdiction is appropriate under the forum state's long-arm statute. Second, we examine whether exercising jurisdiction over the defendant would violate the Due Process Clause of the Fourteenth Amendment, which requires that the defendant have minimum contacts with the forum state and that the exercise of jurisdiction not offend traditional notions of fair play and substantial justice.

Sloss Indus. Corp. v. Eurisol, 488 F.3d 922, 925 (11th 2007) (internal quotes and citations omitted). The Georgia long-arm statute permits the exercise of jurisdiction over a non-resident that transact business in the state. O.C.G.A. § 9-10-91(1); see also Innovative Clinical & Consulting Servs., LLC v. First Nat'l Bank of Ames, 279 Ga. 672 (2005) (holding that subsection (1) allows the exercise of jurisdiction to the maximum extent permitted by procedural due process).

The Complaint alleges that Defendant's address is in Macon, GA. Construing the Complaint in the light most favorable to Plaintiffs, there are sufficient allegations to demonstrate that Defendant transacts business in the state and that there are

4

sufficient minimum contacts to satisfy the requirements of constitutional due process. See Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

### C. Failure to State a Claim and Motion for More Definitive Statement

Under the Federal Rules of Civil Procedure, a plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The United States Supreme Court recently altered its prior articulation of this standard in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1968 (2007) and Erickson v. Pardus. 127 S. Ct. 2197, 2200 (2007). Prior to these decisions, Conley v. Gibson provided the pleading standard under Rule 8(a): "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. 41, 45-46 (1957). The Twombly Court, however, rejected the "no set of facts" language as an incomplete statement of the standard. Twombly, 127 S. Ct. at 1969.

As the Court explained in Twombly, the complaint must contain some factual allegations in order to provide " 'fair notice' of the nature of the claim" and the " 'grounds' on which the claim rests." Twombly, 127 S. Ct. at 1965 n.3 (quoting 5 Wright & Miller § 1202, at 94, 95). These allegations must raise the possibility of relief above a speculative level and provide grounds to infer the elements of the cause of action. See Twombly, 127 S. Ct. at 1965 (discussing requirement in context of conspiracy claim). Detailed specific facts are not necessary, however.

5

Erickson, 127 S. Ct. at 2200.  In effect, Twombly created a "plausibility standard" under which the plaintiff must allege "enough facts to suggest, raise a reasonable expectation of, and render plausible" the elements of the claim.  Watts v. Fl. Int'l Univ., 495 F.3d 1289, 1296 (2007) (applying Twombly).

Under Rule 12(b), the factual allegations of the complaint are accepted as true, and the court must view the facts in the light most favorable to the nonmoving party.  Palmer & Cay, Inc., v. Marsh & McLennan Cos., Inc., 404 F.3d 1297, 1303 (11th Cir. 2005).  However, "[c]onclusory allegations and unwarranted deductions of fact . . . need not be accepted as true.  Asso. Builders, Inc. v. Ala. Power Co., 505 F.2d 97 (5th Cir. 1974) (internal citation omitted).

The Complaint contains the following allegations: Plaintiffs have an account with Sun Trust Bank identified as account number 425-0894-4000-200467; Sun Trust failed to provide Plaintiffs with monthly statements between September 20, 2005 and October 24, 2006; this failure caused Plaintiffs to incur "unnecessary" late charges; the October 24, 2006 statement reflected that Sun Trust fabricated $16,342.52 in new charges and purchases on their account; Sun Trust failed to acknowledge a November 16, 2006 letter that Plaintiffs sent notifying the Bank of the error; Sun Trust failed to provide an explanation of the charges; and Sun Trust sent a collection letter on February 5, 2007 in violation of the Fair Credit Billing Act.  Plaintiffs ask the Court to order Defendant to remove the fabricated charges and ask for an award of $500,000 to compensate them for their emotional suffering and as

punitive damages.

The Court finds that the Plaintiff's Complaint does allege facts sufficient to sustain a claim for a violation of the Fair Credit Billing Act. The Complaint, however, alleges that Defendant "violated all of the rules under the Fair Credit Billing Act." The Fair Credit Billing Act contains many provisions, but the Complaint clearly fails to set forth facts sufficient to sustain a claim against Sun Trust for violations of every one of those provisions. See Fair Credit Billing Act, Pub.L. 93-495, 88 Stat. 1511 (1974). As a result, Sun Trust does not have sufficient notice to determine which rules it is charged with violating and cannot be expected to respond to the generalized claims against it.

In addition, there are vague allegations of fraud by Sun Trust. The facts that serve as the basis for a claim of fraud must be alleged with particularity. Fed. R. Civ. P. 9(b). "Particularity means that a plaintiff must plead facts as to time, place, and substance of the defendant's alleged fraud, specifically the details of the defendant['s] allegedly fraudulent acts, when they occurred, and who engaged in them." United States *ex rel.* Atkins v. McInteer, 470 F.3d 1350, 1357 (11th Cir. 2006) (citation and quotations omitted). In addition, "some indicia of reliability must be given in the complaint to support the allegation of" fraud. United States *ex rel.* Clausen v. Lab. Corp. of Am., 290 F.3d 1301, 1311 (11th Cir. 2002). Plaintiffs claim that some of the charges on their statement were "total fabrications." This generalized statement is not sufficient under Rule 9(b).

7

The Court therefore grants Defendant's Motion for a More Definitive Statement. Plaintiffs are ordered to amend their Complaint to conform with the Federal Rules of Civil Procedure on or before February 19, 2008. Plaintiffs must identify the specific rules of the Fair Credit Billing Act that it believes Sun Trust has violated. They must also allege the facts that they believe constitute a violation of each of those rules. Furthermore, if they believe that Sun Trust has engaged in fraud, they must allege the basis of this allegation.

**D. Motion for Judgment**

Plaintiffs have made a Motion for Judgment, citing as the bases for their Motion the alleged "perjury" that was committed when two Sun Trust employees submitted affidavits. They also take issue with the "questionable manner" in which Sun Trust has handled the case because it filed a Motion to Dismiss instead of answering their Complaint. As an initial matter, the Court notes that Defendant's decision to file a Motion to Dismiss instead of an answer is entirely appropriate under the Federal Rules of Civil Procedure and not "questionable" in any way. See Fed. R. Civ. P. 12.

The charges of perjury are based on two affidavits that Sun Trust submitted in which their employees claimed that when service was initially made, no summons was attached to the Complaint. In addition, one of the employees claimed to have "personal knowledge" that a summons was not attached to the Complaint, even though she was not physically present at the time service was made. The Court

8

makes no conclusion regarding the validity of these statements, but even if they were false, that would not be sufficient grounds to enter a judgment against Defendants. The Court afforded Plaintiffs additional opportunity to serve Defendant and has ruled that the second attempt at service was sufficient. There is therefore no prejudice to defendant in any misstatements made in the affidavits that Sun Trust submitted.

## III. CONCLUSION

Plaintiff's Motion for Judgment and Defendant's Motion to Dismiss are denied. Defendant's Motion for a More Definitive Statement is granted. Plaintiffs are ordered to amend their Complaint on or before February 19, 2008. Failure to act by that date or to sufficiently amend the Complaint may result in dismissal of the case.

**SO ORDERED**, this the 30th day of January, 2008.

*s/ Hugh Lawson*
**HUGH LAWSON, JUDGE**

tch