IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **LOGIE W. TALLEY and VIRGIE L. TALLEY,** : | |
| : | |
| **Plaintiffs,** : | |
| : | Civil Action No. |
| v. : | 5:07-CV-48-HL |
| : | |
| **SUNTRUST BANK,** : | |
| : | |
| **Defendant.** : | |
| : | |

## ORDER

Defendant Suntrust Bank. has filed a motion seeking summary judgment against the plaintiffs in the above-styled case (Doc. 44), attached to which are a supporting brief, a Statement of Undisputed Material Facts, several exhibits, and an affidavit. Since plaintiffs Logie W. Talley and Virgie L. Talley are proceeding *pro se*, the court deems it appropriate and necessary to advise them of their right to respond to said motion and of the consequences which they may suffer if they fail to file a response thereto.

In order to insure that the *pro se* plaintiffs receive adequate notice (1) that a motion for summary judgment has been filed against them in this case, (2) that they have the right to oppose the granting of said motion, and (3) that failure to oppose said motion may result in a final judgment being rendered

against them, they are notified as follows:

Rule 56(c) of the Federal Rules of Civil Procedure dealing with motions for summary judgment provides as follows:

> *The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.*

Under the procedures and policies of this court, motions for summary judgment are normally decided on briefs.  The court considers the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits submitted by the parties in deciding whether a summary judgment is appropriate under Rule 56.  The parties may submit their argument to the court by filing briefs in support of or briefs in opposition to said motions.

Under the law, the party against whom a summary judgment is sought must be given ten days notice of the summary judgment rules. In addition, the party upon whom a motion for summary judgment has been filed has the right to file affidavits or other material in opposition to a summary judgment motion. If he fails and refuses to file any affidavits or other materials in opposition to the motion for summary judgment, a final judgment may be rendered against him if otherwise appropriate under the law.

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Warrior Tombigbee Transportation Co. v. M/V Nan Fung, 695

F.2d 1294, 1296 (11th Cir. 1983).  While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts which exist in the case which must be presented to a jury for resolution.  See Van T. Junkins & Assoc. v. U.S. Industries, Inc., 736 F.2d 656, 658 (11th Cir.1984).  Upon the recommendation of the magistrate judge, the court could then grant judgment to the defendant seeking summary judgment; there would be no trial or any further proceedings.

Accordingly, plaintiffs are ordered and directed to file a response to the defendant's Motion for Summary Judgment in accordance with Rule 56 of the Federal Rules of Civil Procedure within thirty (30) days of receipt of this Order.  After the filing of plaintiffs' response or after the passage of forty-five (45) days from the date of this Order, whichever comes first, the court will consider defendant's Motion for Summary Judgment and any opposition to same filed by the plaintiffs.

SO ORDERED, this the 18th day of February, 2009.

*/s/ Hugh Lawson*
HUGH LAWSON, Judge

wjc